UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN OTTO,

                      Plaintiff,

   - against -

AMERICAN BROADCASTING COMPANIES, INC.

                      Defendant.

Docket No. 1:18-cv-6252

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Jonathan Otto ("Otto" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant American Broadcasting Companies, Inc., ("ABC" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a Yacht that hit another Yacht at the Hudson River pier during a prom celebration, owned and registered by Otto. Accordingly, Otto seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacting doing business in New York and is registered to do business in the State of New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Otto has a place of business at 1450 Washington Street, Apt 1107, Hoboken, NJ 07030.

6.      Upon information and belief, ABC is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 77 West 66th Street, New York, New York 10023. Upon information and belief, ABC is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, ABC has owned and operated a website at the URL: www.ABCNews.Go.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      Otto photographed a Yacht that hit another Yacht at the Hudson River pier during a prom celebration (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Otto then licensed the Photograph to the Patch. On May 24, 2018, the Patch ran an article that featured the Photograph on its web edition entitled *NJ High School Prom Interrupted After 2 Boats Collide in Hoboken*.  See https://patch.com/new-york/southampton/s/gfj3z/nj-high-school-prom-interrupted-after-2-boats-collide-hoboken. Otto's

name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Otto is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-104-535.

### B. Defendant's Infringing Activities

11. ABC ran an article on the Website entitled *Prom ends early when yacht strikes other yacht.* See https://abcnews.go.com/US/prom-ends-early-yacht-strikes-yacht/story?id=55429192. The article prominently featured the Photograph. A screen shot of the article with the Photograph is attached hereto as Exhibit C.

12. ABC did not license the Photograph from Plaintiff for its article, nor did ABC have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST ABC)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. ABC infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. ABC is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by ABC have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ABC
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. The Photograph contained copyright management information under 17 U.S.C. § 1202(b).

22. Upon information and belief, in its article on the Website, ABC intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph and replaced it with another photographer name of "Matt Stallone Photography/www.Mattstallonephotography.com".

23. The conduct of ABC violates 17 U.S.C. § 1202(b).

24. Upon information and belief, ABC falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by ABC intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. ABC also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

26. As a result of the wrongful conduct of ABC as alleged herein, Plaintiff is entitled to recover from ABC the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by ABC because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from ABC statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant ABC be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant ABC be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 11, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Jonathan Otto*